**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4042

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH LAMONT THOMPSON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge. (5:20-cr-00223-D-1)

Submitted:  November 7, 2023                     Decided:  February 13, 2024

Before DIAZ, Chief Judge, and HARRIS and HEYTENS, Circuit Judges.

Affirmed by unpublished opinion.  Judge Harris wrote the opinion, in which Chief Judge Diaz and Judge Heytens joined.

**ON BRIEF:**   Kearns Davis, Tanisha Palvia, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP, Greensboro, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

A jury convicted Keith Lamont Thompson, Jr., of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and two related firearms offenses. At sentencing, the district court determined that Thompson had a prior conviction for a "controlled substance offense" within the meaning of the Sentencing Guidelines, and accordingly adopted an advisory Sentencing Guidelines range of 360 months' to life imprisonment. The court ultimately sentenced Thompson to 30 years' imprisonment, the bottom of the advisory range.

On appeal, Thompson challenges both his conviction and his sentence, in both instances raising arguments he did not preserve before the district court. His principal contention is that the district court erred in finding that his prior North Carolina conviction for possession of cocaine with intent to sell or deliver qualified as a "controlled substance offense" under the Guidelines. He also contends that the district court erred in admitting certain testimony at trial and that the prosecutor improperly "vouched" for or "bolstered" an informant's credibility. Finding no reversible error, we affirm the judgment of the district court.

## I.

Because it is his primary argument on appeal, we begin with Thompson's claim regarding his sentence. It is not disputed that Thompson was previously convicted of possession of cocaine with intent to sell or deliver under North Carolina's drug distribution statute. *See* N.C. Gen. Stat. § 90-95(a)(1). The district court found that this conviction

2

was for a "controlled substance offense" under the Sentencing Guidelines.  *See* U.S.S.G. § 4B1.2(b).  That determination, in turn, led to an advisory sentencing range substantially higher than it otherwise would be.

For the first time on appeal, Thompson argues that North Carolina's drug distribution statute sweeps more broadly than the Guidelines definition of a "controlled substance offense," and therefore should not have been used to enhance his Guidelines sentencing range.  According to Thompson, North Carolina's statute – which prohibits delivery and possession with intent to deliver controlled substances – reaches "attempted" as well as completed transfers of drugs.  *See* N.C. Gen. Stat. § 90-95(a)(1) (general prohibition on selling or delivering a controlled substance); *id.* at § 90-87(7) (defining "deliver" as "the actual[,] constructive, or attempted transfer from one person to another of a controlled substance").  And because we held in *United States v. Campbell*, 22 F.4th 438, 440 (4th Cir. 2022), that the Guidelines definition of a "controlled substance offense" does not reach attempt crimes, Thompson finishes, his North Carolina conviction cannot qualify as a "controlled substance offense" for Guidelines purposes.

Because Thompson did not raise this argument before the district court, our review is for plain error only.  *See United States v. Miller*, 75 F.4th 215, 223 (4th Cir. 2023); *United States v. Olano*, 507 U.S. 725, 731-35 (1993) (outlining plain-error standard of review).  Here, we find no error, plain or otherwise.  After briefing in this case was completed, Thompson's view of the North Carolina statute was foreclosed by our decision in *United States v. Miller*, 75 F.4th at 228-31.  In that case, we examined the same North Carolina drug distribution statute at issue here, N.C. Gen. Stat. § 90-95(a)(1), in light of

3

the same argument raised by Thompson, and held that § 90-95(a)(1) is indeed a categorical match with the Guidelines' definition of "controlled substance offense." *See Miller*, 75 F.4th at 230-31. North Carolina's statute, we concluded, does not in fact criminalize attempted deliveries – a reading that would render North Carolina's separate attempt statute, N.C. Gen. Stat. § 90-98, superfluous, and lead to the "remarkable" result that many state controlled-substance-trafficking laws would *not* qualify as "controlled substance offenses." *Miller*, 75 F.4th at 230 ("This cannot be what the Sentencing Commission intended."). Under *Miller*, Thompson's prior conviction under North Carolina's drug distribution statute was properly treated as a "controlled substance offense" for purposes of calculating his Sentencing Guidelines range.

## II.

Thompson also challenges his conviction, raising for the first time on appeal an evidentiary objection to the admission of a police officer's trial testimony and a claim that the prosecutor improperly vouched for or bolstered out-of-court statements by an informant. Finding no plain error, we affirm Thompson's conviction.

We begin with the officer testimony. Asked what prompted the investigation into Thompson, a police officer testified that he was told by a confidential informant that the informant had seen contraband in Thompson's apartment. J.A. 36-37. On cross-examination, the officer explained that the informant gave him Thompson's phone number, identified a photograph of Thompson, and advised that he "had viewed an ankle monitor on Mr. Thompson." J.A. 53-54. Thompson now claims that this testimony was

4

inadmissible hearsay, violated his Sixth Amendment Confrontation Clause rights, was unduly prejudicial, and constituted impermissible propensity evidence.

Thompson did not object to this testimony at trial and so again, we are limited to plain-error review. We find no reversible error here. Because the officer recounted the informant's statements not for the underlying truth of those statements but to "explain[] why a government investigation was undertaken," the officer's testimony was not hearsay. *United States v. Love*, 767 F.2d 1052, 1063 (4th Cir. 1985); *see also United States v. Davis*, 918 F.3d 397, 401 (4th Cir. 2019). Thompson's Confrontation Clause claim therefore fails as well, because that provision "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *United States v. Shibin*, 722 F.3d 233, 248 (4th Cir. 2013) (quoting *United States v. Ayala*, 601 F.3d 256, 272 (4th Cir. 2010)). And we reject Thompson's passing suggestion that it was plain error to admit the evidence due to its unduly prejudicial effect or as forbidden propensity evidence.

Thompson also argues that the prosecutor improperly vouched for or bolstered the same informant's credibility by mentioning in his opening statement that officers obtained a search warrant for Thompson's premises based on the informant's tip and then elaborating that this "means [the officers] went to a judge [and] the judge found probable cause." J.A. 28. Again, we disagree.

"Vouching occurs when a prosecutor indicates a personal belief in the credibility or honesty of a witness," while bolstering occurs when a prosecutor implies "that the testimony of a witness is corroborated by evidence known to the government but not known to the jury." *United States v. Sanchez*, 118 F.3d 192, 198 (4th Cir. 1997). Only if such

5

vouching or bolstering "so infected the trial with unfairness as to make the resulting conviction a denial of due process" is a new trial warranted. *Id.* (quoting *United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir. 1993)). Here, the prosecutor's one-sentence remark, objectively describing the search warrant process, falls well short of that mark. "[T]he government has a right to explain its procedures," *United States v. Lewis*, 10 F.3d 1086, 1089 (4th Cir. 1993), and that is all the prosecutor did here.[*]

### III.

For the reasons given above, we affirm Thompson's conviction and sentence.

*AFFIRMED*

---

[*] Thompson also raises an ineffective assistance of counsel claim predicated on his trial counsel's failure to raise the issues Thompson now brings on appeal. Given our disposition of those claims, we do not find that ineffectiveness of counsel conclusively appears on the face of the record. Accordingly, Thompson's "claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

6